Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
Caylin W. Jones (SBN 327829)
E-mail: cjones@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, California 90071-2953
Tel: 213.236.0600  Fax: 213.236.2700

Attorneys for Defendants
COUNTY OF RIVERSIDE, SHERIFF CHAD BIANCO, EDWARD DELGADO, JAMES KRACHMER, AND VICTORIA VARISCO-FLORES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ALICIA UPTON by and through successor in interest, Nichole Thompson and Matthew Upton, NICHOLE THOMPSON and MATTHEW UPTON,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE, a public entity, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHAD BIANCO, in his individual and official capacities, EDWARD DELGADO, JAMES KRACHMER, VICTORIA VARISCO-FLORES and DOES 1 through 10, individually, jointly and severally,<br><br>Defendant. | Case No. 5:23-CV-02655-JGB-SHK<br><br>Judge: Jesus G. Bernal<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Date: August 12, 2024<br>Time: 9:00 a.m.<br>Ctrm.: 1 |

PLEASE TAKE NOTICE that on August 12, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 1 of the United States District Court, Central District, located at 3470 12th St, Riverside, CA 92501, Defendants COUNTY OF RIVERSIDE, SHERIFF CHAD BIANCO, EDWARD DELGADO, JAMES KRACHMER, and VICTORIA VARISCO-FLORES (herein after referred to as "Defendants") hereby moves this Court pursuant to Federal Rules of Civil

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4884-0185-2109 v2

1

5:23-CV-02655-JGB-SHK
MOTION TO DISMISS

Procedure, Rule 12(b)(6), for an order dismissing the Plaintiffs' Complaint with prejudice upon the following grounds:

 1.  Plaintiffs failed to comply with the California Tort Claims Act and all state law claims are subject to dismissal, and

 2.  Plaintiffs failed to timely serve their Complaint in compliance with Federal Rules of Civil Procedure 4(m).

As required by Central District Local Rule 7-3, prior to the filing of this motion, counsel for Defendants met and conferred with Plaintiff's counsel on the issues presented in this motion on June 26, 2024 and June 27, 2024. <u>See</u> Declaration of Caylin W. Jones, ¶¶2 & 3.

This motion will be made and based on this Notice of Motion, the Memorandum of Points and Authorities, the pleadings and records on file with this court, any evidence of which the Court may take judicial notice prior to or at the hearing of this matter, and upon such oral or documentary evidence as may be presented at the hearing of this motion.

Dated: July 2, 2024      BURKE, WILLIAMS & SORENSEN, LLP

By:  /s/ Caylin W. Jones
   Nathan A. Oyster
   Caylin W. Jones
   Attorneys for Defendants
   COUNTY OF RIVERSIDE, SHERIFF CHAD BIANCO, EDWARD DELGADO, JAMES KRACHMER, and VICTORIA VARISCO-FLORES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This lawsuit arises out of the in-custody suicide and death of Alicia Upton on April 28, 2022. Following Ms. Upton's death, Plaintiffs filed an untimely Government Claim on February 10, 2023. See Ex. 3. On February 17, 2023, the County of Riverside mailed a letter to counsel for Plaintiffs indicating that Plaintiffs' Government Claim was untimely and notifying the Plaintiffs that their only recourse was to apply for leave to present a late claim under Government Code section 911.4. See Ex. 4. On April 3, 2023, Plaintiffs submitted an application to file a late Government Claim. See Ex. 5. On April 12, 2023, Plaintiffs' application to file a late Government Claim was denied by the County of Riverside. See Ex. 6.

Following the denial of Plaintiffs' late Government Claim, Plaintiffs filed a Petition for Order permitting a late Government Claim in Riverside Superior Court on August 10, 2023. See Ex. 7. That Petition was briefed and argued before the Riverside Superior Court and ultimately, on December 15, 2023, the Riverside Superior Court denied Plaintiffs' Petition to File a Late Government Claim. See Ex. 8. On January 5, 2024, Plaintiffs filed a Notice of Appeal before the California Court of Appeals seeking to overturn the Riverside Superior Court's order. See Ex. 9. To date, that appeal remains pending before the California Court of Appeals, case number E082974. See Ex 10.

On December 31, 2023, Plaintiff's filed their Complaint in this Federal action. (Dkt. 1) Pursuant to Federal Rule of Civil Procedure 4(m), a party must serve all defendants 90 days after filing a Complaint. Thus, Plaintiff had until March 31, 2024 to serve Defendants. Plaintiff failed to serve Defendants until June 12, 2024, 164 days after the Complaint was filed, and over two years after the death of Alicia Upton. (Dkts. 11-16).

Plaintiffs' state law claims should be dismissed where they failed to file a timely Government Claim and the Riverside Superior Court rejected their Petition

for leave to file an untimely Government Claim. Further, Plaintiffs' entire Complaint should be dismissed for failure to timely serve the Complaint on Defendants.

## II. PLAINTIFFS' STATE LAW CLAIMS SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH THE TORT CLAIMS ACT.

All of Plaintiffs' state tort causes of action (claims six through ten) are barred by the California Tort Claims Act because Plaintiffs failed to timely file a Government Claim with the County of Riverside prior to filing this lawsuit.

California Government Code section 945.5 provides that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented until a written claim therefor has been presented to the public entity." Cal. Govt. Code § 945.4. A claim for money damages for injury to person or personal property must be presented within six months of the date the claim accrues. Cal. Govt. Code § 911.2(a).

**The "failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity."** State v. Super. Court (Bodde), 32 Cal. 4th 1234, 1239 (2004) (emphasis added); see also Creighton v. City of Livingston, 628 F. Supp. 2d 1199, 1225 (E.D. Cal. 2009) ("A plaintiff's supplemental state law claims against a California public agency are barred unless the plaintiff has complied with the requirements of the Tort Claims Act before commencing a civil action."); Rezaipour v. Cty. of Los Angeles, No. CV1205005MWFVBKX, 2014 WL 12674923, at 8 (C.D. Cal. July 10, 2014), aff'd, 655 F. App'x 552 (9th Cir. 2016) (same).

This lawsuit arises out of the death of Alicia Upton on April 28, 2022 (Compl. at ¶ 12), therefore under Government Code section 911.2(a) Plaintiffs were required to file a Government Claim by October 28, 2022, however, Plaintiffs failed to do so. Instead, Plaintiffs filed a claim nearly ten months after the incident on February 10, 2023. See Ex. 3. Upon receipt of the Plaintiffs' untimely claim, on

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4884-0185-2109 v2

4

5:23-CV-02655-JGB-SHK
MOTION TO DISMISS

February 17, 2023, the County of Riverside mailed a letter to Plaintiffs indicating that Plaintiffs' Government Claim was untimely and notifying Plaintiffs that their only recourse was to apply for leave to present a late claim under Government Code section 911.4.  See Ex. 4.

On April 3, 2023, Plaintiffs submitted an application to file a late Government Claim.  See Ex. 5.  On April 12, 2023, Plaintiff's application to file a late Government Claim was denied by the County of Riverside.  See Ex. 6.

Following the rejection of Plaintiffs' late Government Claim, Plaintiffs filed a Petition for Order permitting a late Government Claim in Riverside Superior Court.  See Ex. 7.  That Petition was briefed and argued before the Riverside Superior Court and ultimately, on December 15, 2023, the Riverside Superior Court denied Plaintiffs' Petition to File a Late Government Claim.  See Ex. 8.  To date, the Riverside Superior Court's Order denying Plaintiffs' Petition has not been overturned.

### III.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLAINT WITH FRCP 4(M)

Under Fed.R.Civ.P. 4(m) the district court must dismiss an action if the defendant is not served with copies of the summons and the complaint within 90 days after the filing of the complaint, unless the plaintiff can show good cause why service was not made.  See Vasquez v. Kitsap Cty., No. 05-5359, 2006 WL 1348387, at 4 (W.D. Wash. May 16, 2006).  "When considering a motion to dismiss a complaint for untimely service, courts must determine whether good cause for the delay has been shown on a case by case basis."  In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001)

Plaintiff's Complaint was filed on December 31, 2023. (Dkt 1).  Under Federal Rule of Civil Procedure Rule 4(m) Plaintiff had 90 days, or until March 31, 2024 to serve Defendants.  Plaintiff waited 164 days to serve Defendants and served Defendants well after the two-year statute of limitations for Plaintiffs' claims.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4884-0185-2109 v2

5

5:23-CV-02655-JGB-SHK
MOTION TO DISMISS

(Dkts. 11-16) Moreover, Plaintiffs have not provided any excuse for the delay in service.

The pending State Court Appeal regarding Plaintiffs' failure to submit a timely Government Claim was not the basis for the delay in service, during meet and confer efforts for this Motion, as Plaintiffs' counsel has advised Defendants' counsel that they intend to pursue state law claims even if they lose the State Court Appeal. See Declaration of Caylin Jones at ¶ 4. Thus, there was no good cause for Plaintiffs' delay in service. In Townsel v. Contra Costa Cnty., Cal., 820 F.2d 319 (9th Cir. 1987) the Ninth Circuit held that the District court did not abuse its discretion in dismissing action for failure to comply with service of summons and complaint upon defendants, even though the statute of limitations on plaintiff's civil rights action had run and the dismissal for untimely service was therefore effectively with prejudice. The Ninth Circuit reasoned that "By providing that district courts 'shall' dismiss a complaint served over 120[1] days after its filing unless ... good cause for untimely service has been shown, Congress mandated dismissal in the circumstances of this case." As such, Plaintiffs' Complaint must be dismissed for failure to timely serve Defendants.

## IV. CONCLUSION

Based upon the foregoing, Defendants respectfully request that this Court grant the Motion to Dismiss, dismissing Plaintiffs' Complaint in its entirety.

---

[1] On December 1, 2015, FRCP 4(m) was revised reducing the time to serve a Defendant from 120 days to 90 days.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4884-0185-2109 v2

6

5:23-CV-02655-JGB-SHK
MOTION TO DISMISS

| | | |
|---|---|---|
| 1 | Dated: July 2, 2024 | BURKE, WILLIAMS & SORENSEN, LLP |
| 2 | | |
| 3 | | |
| 4 | | By: ___/s/ Caylin W. Jones___ |
| 5 | | Nathan A. Oyster |
| | | Caylin W. Jones |
| 6 | | Attorneys for Defendants |
| 7 | | COUNTY OF RIVERSIDE, SHERIFF CHAD BIANCO, EDWARD DELGADO, JAMES KRACHMER, and VICTORIA VARISCO-FLORES |

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4884-0185-2109 v2

7

5:23-CV-02655-JGB-SHK
MOTION TO DISMISS