Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
Caylin W. Jones (SBN 327829)
E-mail: cjones@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, California 90071-2953
Tel: 213.236.0600  Fax: 213.236.2700

Attorneys for Defendants
COUNTY OF RIVERSIDE, SHERIFF CHAD BIANCO, EDWARD DELGADO, JAMES KRACHMER, AND VICTORIA VARISCO-FLORES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ALICIA UPTON by and through successor in interest, Nichole Thompson and Matthew Upton, NICHOLE THOMPSON and MATTHEW UPTON,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE, a public entity, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHAD BIANCO, in his individual and official capacities, EDWARD DELGADO, JAMES KRACHMER, VICTORIA VARISCO-FLORES and DOES 1 through 10, individually, jointly and severally,<br><br>Defendant. | Case No. 5:23-CV-02655-JGB-SHK<br><br>Judge: Jesus G. Bernal<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Date: August 12, 2024<br>Time: 9:00 a.m.<br>Ctrm.: 1 |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4864-2432-3540 v1

1

5:23-CV-02655-JGB-SHK
REPLY MOTION TO DISMISS

Defendants COUNTY OF RIVERSIDE, SHERIFF CHAD BIANCO, EDWARD DELGADO, JAMES KRACHMER, and VICTORIA VARISCO-FLORES (collectively, "Defendants") hereby submit the following Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss.

Dated: July 29, 2024

BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Caylin W. Jones
Nathan A. Oyster
Caylin W. Jones
Attorneys for Defendants
COUNTY OF RIVERSIDE, SHERIFF CHAD BIANCO, EDWARD DELGADO, JAMES KRACHMER, and VICTORIA VARISCO-FLORES

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4864-2432-3540 v1

2

5:23-CV-02655-JGB-SHK
REPLY MOTION TO DISMISS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This lawsuit arises out of the in custody suicide and death of Alicia Upton on April 28, 2022. Following Ms. Upton's death, Plaintiffs filed an untimely tort claim on February 10, 2023. See Ex. 1. The California Tort Claims Act requires an injured party to present a claim for damages to a public entity before filing any lawsuit for damages against the city. Cal. Gov. Code § 910. The claim must be presented within six months of the date that the cause of action accrues. Gov't Code § 911.2; State v. Superior Court (2004) 32 Cal.4th 1234, 1239. Presentation of a timely tort claim to the City is a *mandatory prerequisite* to maintaining a cause of action against a public entity for damages. Gov't Code § 945.4; Janis v. State Lottery Comm'n (1998) 68 Cal. App. 4th 824, 832. "Timely claim presentation is not merely a procedural requirement, but is, as this court long ago concluded, a condition precedent to plaintiff's maintaining an action against defendant [citations omitted] and thus an element of the plaintiff's cause of action." Shirk v. Vista Unified School District (2007) 42 Cal.4th 201, 216.

In the present case, Decedent Alicia Upton passed away on April 28, 2022. Plaintiffs concede that they were informed of Ms. Upton's death on April 29, 2022. See Plaintiffs' Opposition at Page 3, Line 8. Despite this, Plaintiffs Nichole Thompson and Matthew Upton failed to submit a tort claim with the County of Riverside until February 10, 2023, nearly ten months after being informed of Ms. Upton's death. In their Opposition Plaintiffs regurgitate the same arguments made in their State Court Petition, which were previously rejected by the Riverside Superior Court. See Plaintiffs' Exhibit C, Defendants' Exhibit 8. Plaintiffs should not be permitted to get a second bite at the apple where this issue has already been adjudicated.

Moreover, Plaintiffs' entire Complaint should be dismissed for failure to timely serve the Complaint on Defendants, and where Plaintiffs have not made any

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4864-2432-3540 v1

3

5:23-CV-02655-JGB-SHK
REPLY MOTION TO DISMISS

showing of excusable neglect or provided any reasoning whatsoever as to why they failed to comply with Federal Rule of Civil Procedure 4(m).

## I. PLAINTIFFS' STATE LAW CLAIMS SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH THE TORT CLAIMS ACT.

### A. Plaintiffs Are Not Entitled To The Delayed Discovery Doctrine.

Plaintiffs' Opposition argues that the correct accrual date of their action is August 15, 2022, due to the delayed discovery doctrine. As an initial matter, the only forum to address this issue is in a Petition under Government Code section 946.6. See Hernandez v. McClanahan, 996 F. Supp. 975, 979 (N.D. Cal. 1998) ("Judicial relief pursuant to section 946.6 is his only method of compliance. Because the court cannot provide him with such relief, Hernandez's tort claims fail to state a claim.") In Plaintiffs' Petition under section 946.6 (Plaintiffs' Exhibit C), Plaintiffs made this same argument and the Riverside Superior Court rejected the argument and found they were not entitled to the delayed discovery doctrine.

Plaintiffs' argument that they are entitled to the delayed discovery doctrine fails for multiple reasons. First, as a usual matter, **"the date of accrual of a cause of action for wrongful death is the date of death."** Larcher v. Wanless (1976) 18 Cal.3d 646, 656–657 (emphasis added) (1976); see also Norgart v. Upjohn Co., 21 Cal. 4th 383, 404, 981 P.2d 79, 93 (1999). However, the "delayed discovery rule" postpones accrual of the cause of action until a plaintiff suspects or reasonably should suspect "(i) that plaintiff has been injured, (ii) the cause of injury, and (iii) the tortious nature of the conduct causing the injury." A plaintiff's knowledge is measured both subjectively *and objectively:* i.e., plaintiff is held to his or her *actual* knowledge, as well as knowledge that could be discovered through reasonable investigation after being put on inquiry. See Fox v. Ethicon Endo-Surgery, Inc., 35 C4th at 807-809, 27 CR3d 667-669 (2005); Norgart v. Upjohn Co., *supra*, 21 C4th at 398, 87 CR2d at 463-464. A plaintiff "need not be aware of the specific 'facts' necessary to establish the claim; that is a process contemplated by pretrial

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4864-2432-3540 v1

4

5:23-CV-02655-JGB-SHK
REPLY MOTION TO DISMISS

discovery." Garcia v. City of Fullerton, No. G025381, 2002 WL 1980690, at 3 (Cal. Ct. App. Aug. 29, 2002), as modified on denial of reh'g (Sept. 30, 2002) **"Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights**. So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her." Id.; see also Jolly v. Eli Lilly & Co. 44 Cal.3d 1103, 1110–1111, 245 Cal.Rptr. 658, 751 P.2d 923 (1988). (emphasis added)

Plaintiffs' own evidence submitted in support of their State Court Petition and now their Opposition to this Motion makes clear that they had a "suspicion of wrongdoing, and therefore an incentive to sue" as early as April 29, 2022, after being informed of Ms. Upton's death. Specifically, Plaintiffs' own exhibits establish that on April 29, 2022, Ms. Upton's next of kin, Ms. Thompson, was informed of Ms. Upton's death while she was in the custody of Riverside County Sheriff's Department. See Plaintiffs' Exhibit C -215. Upon being informed of her death, Ms. Thompson immediately disclosed to a Riverside County Investigator that she knew Ms. Upton had mental health and drug problems, and specifically, that she was depressed and had developed paranoid and erratic behavior. Id.

Following the discovery of Ms. Upton's death, prior to the coroner issuing its cause of death, Plaintiff Thompson admits that she sought legal representation to take on her case against the County of Riverside. See Plaintiffs' Exhibit C at 219. Plaintiffs' own evidence establishes that they had a suspicion of a wrongdoing long before the coroner released its findings on August 11, 2022, and therefore, their claims had accrued prior to the release of the coroner's report. See Norgart v. Upjohn Co., *supra*, 21 C4th at 398, 87 CR2d at 469-471. (Parents' wrongful death action against the drug manufacturer filed more than four years after "they came at least to suspect, or have reason to suspect, a factual basis for its elements" was untimely.)

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4864-2432-3540 v1

5

5:23-CV-02655-JGB-SHK
REPLY MOTION TO DISMISS

Indeed, suspicion of wrongdoing activates the statute of limitations, even if one is unaware of the exact legal cause of action available. See Gutierrez v. Mofid, 39 Cal. 3d 896–903, 705 P.2d 886 (1985). In Gutierrez, the plaintiff went to the hospital complaining of pain in her right side in December 1978. Id. at 895. After consulting with doctors, she consented to an exploratory operation to remove a tumor or her appendix. Id. When she awoke after surgery, she discovered the doctors had performed a complete hysterectomy. Id. At her deposition, the plaintiff testified she had communicated her distress to many of the hospital's staff, and she felt consistently the doctors had done something wrong by failing to warn her the operation might end her ability to conceive. Id. About four months after the surgery, she consulted with a malpractice attorney who told her she had no provable case. Id. In November 1980, the plaintiff consulted with a second attorney, and filed a suit on November 21, 1980, nearly two years after the procedure. Id. at 896. The trial court granted summary judgment in favor of the defendants on statute of limitations grounds, and the plaintiff appealed. Id. The appellate court affirmed the grant of summary judgment, noting the plaintiff "both knew of her injury and suspected malpractice almost immediately after the operation." Id. at 897. Although the plaintiff did not discover the *precise* legal cause of action until the second attorney consultation, the court held it was irrelevant for the statute of limitations that a plaintiff is ignorant of her legal remedy or the theories underlying her cause of action stating, "[I]f one has suffered appreciable harm and knows or suspects that professional blundering is its cause, the fact that an attorney has not yet advised him does not postpone commencement of the limitations period." Id. at 898; see also Evans v. Gilmore, No. 15-CV-01772-MEJ, 2015 WL 4463747, at 7 (N.D. Cal. July 21, 2015) ("'Suspicion of one or more of the elements, coupled with knowledge of any remaining elements, will generally trigger the applicable limitations period.' This refers to the 'generic' elements of wrongdoing, causation, and harm and does not require a hyper technical approach. Instead, courts 'look to whether the plaintiffs

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4864-2432-3540 v1

6

5:23-CV-02655-JGB-SHK
REPLY MOTION TO DISMISS

have reason to at least suspect that a type of wrongdoing has injured them."'") (internal citations omitted)

It is clear from the evidence Plaintiffs present and seek this Court to take judicial notice of, that they suspected they had a cause of action and even sought out legal representation prior to obtaining the Coroner's cause of death on August 15, 2022, or the Coroner's investigative reports on July 19, 2023.  Plaintiffs' argument that they are entitled to the delayed discovery doctrine fails where they had information that Ms. Upton suffered from mental health issues, died in the custody of Riverside County Sheriff's Department, and where they admit to seeking legal representation for claims against the Riverside County Sheriff's Department *prior* to the official cause of death being determined, or any reports being released.

Most importantly, the Riverside Superior Court already ruled that Plaintiffs are not entitled to the delayed discovery doctrine and their claims accrued on April 29, 2022, the date they were informed of Ms. Upton's death:

> Alicia died in custody on April 28, 2022. Upon receiving notification of her death, Thompson called the Riverside County Sheriff's Department and spoke with Deputy Yturralez who advised she knew her daughter was depressed and had mental health problems and was abusing methamphetamine. Thompson was advised that the cause of death was pending investigation. Thompson (resident of West Virginia) attempted to find an attorney but was unsuccessful. Thompson was ultimately informed that the cause of death was suicide on August 15, 2022. Petitioners insist that the change in the cause of death from pending to suicide changes the accrual date of their claims. The death of a 21 year old in custody of County presents reasonable suspicion of wrongdoing. As Petitioners have not established they were "blamelessly ignorant," the delayed discovery doctrine does not apply to postpone the accrual of

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4864-2432-3540 v1

7

5:23-CV-02655-JGB-SHK
REPLY MOTION TO DISMISS

Petitioners claims past the date of Alicia's death on April 28, 2022. Petitioners have failed to establish delayed discovery doctrine applies under the circumstances presented…Thus, Petitioners were required to present their claim to County on or by October 28, 2022. Therefore, Plaintiffs' state law claims are subject to dismissal.

While Plaintiffs point out that their Appeal before the California Court of Appeals is pending, during meet and confer efforts Plaintiffs rejected Defendants offer of a stay pending the appeal and informed Defendants that they will continue to assert state law claims regardless of the outcome of the appeal. See Declaration of Caylin Jones at ¶ 4. Thus, Plaintiffs have provided Defendants no other option than to file this Motion.

### B. Plaintiffs Are Not Entitled To Estoppel

Plaintiffs argue that they are entitled to estoppel because they submitted a Request for Public Records, and "follow[ed] up [on the request] on February 24, 2024, March 17, 2023, and March 24, 2023." See Plaintiffs' Opposition at Page 14, Line 3-4. Plaintiffs assert that because they did not get full investigative reports until July 19, 2023, *five months after they filed their Government claim*, that they are entitled to estoppel. This argument is illogical and was previously rejected by the Riverside Superior Court. See Exhibit 8. First, if Plaintiffs felt that the responses to those Public Records Act requests were deficient, the appropriate remedy would be to file a Writ under the Public Record Act, which they did not do. Second, Plaintiffs cannot assert they are entitled to estoppel where they were able to file a Government Claim on February 10, 2023, over five months *before* they received the investigative reports on July 19, 2023. Plaintiffs cannot therefore claim they were unable to file a Government Claim without the investigative reports where they did in fact do so. Moreover, this argument has already been set forth by Plaintiffs and rejected by the Riverside Superior Court:

[Plaintiffs] argue they did not receive the records until July 19, 2023.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4864-2432-3540 v1

8

5:23-CV-02655-JGB-SHK
REPLY MOTION TO DISMISS

However, this does not appear to be of consequence given the initial government claim had already been filed. There is no evidence that Petitioners could not have discovered that the claim involved a public entity sooner despite reasonable diligence.

Thus, Plaintiffs are not entitled to estoppel.

## II. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLAINT WITH FRCP 4(M)

Under Fed.R.Civ.P. 4(m) the district court *must* dismiss an action if the defendant is not served with copies of the summons and the complaint within 90 days after the filing of the complaint, unless the plaintiff can show good cause why service was not made. See Vasquez v. Kitsap Cty., No. 05-5359, 2006 WL 1348387, at 4 (W.D. Wash. May 16, 2006).

**When a defendant challenges service, it is the plaintiff who bears the burden of establishing good cause.** See Fed. R. Civ. P. 4(m); see also Lycurgan, Inc. v. Griffith, No. 14-CV-548 JLS (KSC), 2017 WL 4680143, at 2 (S.D. Cal. Oct. 18, 2017) (citing Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004)). **This requires the plaintiff to show "[a]t a minimum ... excusable neglect**," see Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991) (emphasis added), but courts may also require the plaintiff to show that: (1) the defendant received actual notice of the lawsuit; (2) the defendant would suffer no prejudice; and (3) dismissal of the complaint would severely prejudice the plaintiff. See Id. (citing Hart v. United States, 817 F.2d 78, 80–81 (9th Cir. 1987)). Even without a showing of good cause, however, a court has discretion to provide relief when a plaintiff shows "excusable neglect." See, *e.g.*, Cano v. Brennan, No. 19-CV-239-CAB-BGS, 2019 WL 3718670, at 2 (S.D. Cal. Aug. 7, 2019). Excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence.'" See Pioneer Ins. Servs. Co. v. Brunswick Assocs., Ltd., 507 U.S. 380, 388, 394 (1993). In determining whether neglect is excusable, the court considers

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4864-2432-3540 v1

9

5:23-CV-02655-JGB-SHK
REPLY MOTION TO DISMISS

four factors: (1) prejudice to the opposing party; (2) length of delay and its potential impact on proceedings; (3) reason for the delay, including whether it was within the plaintiff's reasonable control; and (4) whether the plaintiff acted in good faith. See Id. (first citing Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223–24 (9th Cir. 2000). "**The Court, however, considers the reason for the delay to be the most important factor under the circumstances of this case and concludes it weighs strongly against Plaintiff's requested relief**." Khan v. Seton, No. LACV2103020VAPMAAX, 2021 WL 8918566, at 2 (C.D. Cal. Dec. 7, 2021) (emphasis added).

Plaintiffs' Opposition fails to demonstrate good cause or excusable neglect. While Plaintiffs argue that they would be prejudiced by the dismissal they provide no reason for the 164 day delay in service, nearly double the time allowed for by FRCP 4(m). The length of the delay is substantial and is compounded by the fact well over two years have passed since the incident that gives rise to this lawsuit. Plaintiffs have provided zero reason for the delay, and have therefore conceded that there is no excusable neglect. Further, the delay was clearly within Plaintiffs' reasonable control and Plaintiffs have not acted in good faith where they do not even bother to provide an explanation for the delay in their Opposition.

To the extent Plaintiffs argue that Defendants would not be prejudiced because Plaintiffs filed a Government Claim, as discussed above, that Government Claim was untimely and therefore deficient. Further, Plaintiffs' Government Claim is for the purposes of bringing state law claims, not Federal claims, as a Government Claim is not a prerequisite to bringing Federal claims. Plaintiffs further argue that Defendants are not prejudiced because they were represented by counsel since February 2023, as they contend that Steven Sherman of Ferguson, Praet & Sherman spoke with Plaintiffs' counsel regarding Plaintiffs' California Public Records act request at that time. See Plaintiffs' Opposition at Page 5. While Mr. Sherman represented the County for the purposes of Plaintiffs' Public Records Act Request,

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4864-2432-3540 v1

10

5:23-CV-02655-JGB-SHK
REPLY MOTION TO DISMISS

he has <u>no involvement</u> in this wrongful death case and his representation of the County for the purposes of Plaintiffs' Public Records Act Request does not therefore mean Defendants were "represented by counsel" in this lawsuit. Plaintiffs' Complaint must be dismissed for failure to timely serve Defendants where they have failed to show excusable neglect or good cause for the delay.

## IV. CONCLUSION

Based upon the foregoing, Defendants respectfully request that this Court grant the Motion to Dismiss, dismissing Plaintiffs' Complaint in its entirety.

Dated: July 29, 2024                        BURKE, WILLIAMS & SORENSEN, LLP

By:     /s/ Caylin W. Jones
Nathan A. Oyster
Caylin W. Jones
Attorneys for Defendants
COUNTY OF RIVERSIDE, SHERIFF CHAD BIANCO, EDWARD DELGADO, JAMES KRACHMER, and VICTORIA VARISCO-FLORES