Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
Caylin W. Jones (SBN 327829)
E-mail: cjones@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, California 90071-2953
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for COUNTY OF RIVERSIDE, SHERIFF CHAD BIANCO, EDWARD DELGADO, JAMES KRACHMER, AND VICTORIA VARISCO-FLORES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ALICIA UPTON by and through sucessor in interest, Nichole Thompson and Matthew Upton, NICHOLE THOMPSON and MATTHEW UPTON,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE, a public entity, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHAD BIANCO, in his individual and official capacities, EDWARD DELGADO, JAMES KRACHMER, VICTORIA VARISCO-FLORES and DOES 1 through 10, individually, jointly and severally,<br><br>Defendant. | Case No. 5:23-CV-02655-JGB-SHK<br><br>**DEFENDANTS COUNTY OF RIVERSIDE, SHERIFF CHAD BIANCO, EDWARD DELGADO, JAMES KRACHMER, AND VICTORIA VARISCO-FLORES ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Judge: Jesus G. Bernal |

COMES NOW DEFENDANTS COUNTY OF RIVERSIDE (also erroneously sued as Riverside County Sheriff's Department), SHERIFF CHAD BIANCO, EDWARD DELGALDO, JAMES KRACHMER, and VICTORIA VARISCO-FLORES (herein after referred to as "Defendants") and answer the Complaint for Damages (hereinafter "the Complaint") of Plaintiffs ESTATE OF ALICIA UPTON, NICHOLE THOMPSON, and MATTHEW UPTON (hereinafter

"Plaintiffs") for themselves and for no other parties, admit, deny, and allege as follows:

## INTRODUCTION AND GENERAL ALLEGATIONS

1. In answering paragraph 1 of the Complaint, Defendants deny that the Plaintiffs' civil rights were violated. To the extent any statement of law is made therein, these answering Defendants assert the law speaks for itself.

2. In answering paragraphs 2, 13, 14, 31, 32, 33, 34, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, and 95, of the Complaint, Defendants lack sufficient information to respond to the allegations of the paragraphs and therefore deny any and all allegations. To the extent any statement of law is made therein, these answering Defendants assert the law speaks for itself.

3. In answering paragraphs 7, 8, 9, and 11, Defendants admit that venue is proper and this Court has jurisdiction over Plaintiffs' claims. To the extent asserted, Defendants deny that the Plaintiffs' civil rights were violated. To the extent any statement of law is made therein, these answering Defendants assert the law speaks for itself.

4. In answering paragraph 15, Defendants admit that the Riverside County Sheriff's Department is a subdivision of the County of Riverside and that the Riverside Sheriff's Department runs jail facilities. Defendants deny any and all remaining allegations.

5. In answering paragraph 16, Defendants admit that Sheriff Chad Bianco is in the highest position at the Riverside County Sheriff's Department. Defendants deny any and all remaining allegations.

6. In answering paragraph 17, Defendants admit that Edward Delgado was at all relevant times employed by the County of Riverside. Defendants deny any and all remaining allegations.

7. In answering paragraph 18, Defendants admit that James Krachmer was at all relevant times employed by the County of Riverside. Defendants deny any and all remaining allegations.

8. In answering paragraph 19, Defendants admit that Victoria Varisco-Flores was at all relevant times employed by the County of Riverside. Defendants deny any and all remaining allegations.

9. In answering paragraphs 3, 4, 5, 6, 10, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 96, 97, 98, 99, 100, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 119, 120, 121, 122, 123, 124, 125, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 140, 141, 142, 143, 144, 145, 146, 148, 149, 150, 151, 152, 153, 154, 155, 157, 158, 159, 160, 161, 162, 164, 165, 166, 167, 169, 170, 171, 173, 174, 175, 176, 177, 178, 179, 180, 182, 183, 184, 185, 186, 187, 188, 189, 191, 192, and the prayer for relief of the Complaint, Defendants deny any and all allegations of the respective paragraphs. To the extent any statement of law is made therein, these answering Defendants assert the law speaks for itself.

10. In answering paragraph 12, Defendants admit that Alicia Upton was 21 years old when she died on April 28, 2022 as a pre-trial detainee. Defendants deny any and all remaining allegations.

11. In answering paragraph 30, Defendants admit that Alicia Upton was arrested and booked into Riverside Jail on or about April 19, 2022. Defendants deny any and all remaining allegations.

12. In answering paragraph 35, Defendants admit that Alicia Upton died from suicide. Defendants deny any and all remaining allegations.

13. In answering paragraphs 101, 118, 126, 139, 147, 156, 163, 168, 172, 181, and 190 of the Complaint, Defendants hereby incorporate their admissions and denials to the Complaint.

# AFFIRMATIVE DEFENSES

AS SEPARATE AND AFFIRMATIVE DEFENSES, the Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

14. The Complaint fails to state a claim upon which relief can be granted. The Complaint also fails to state a claim for relief against the Defendants.

## SECOND AFFIRMATIVE DEFENSE

15. Defendants deny that Plaintiffs have been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

## THIRD AFFIRMATIVE DEFENSE

16. At all relevant times, Defendants acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulations, within the bounds of reason under the circumstances, and with the good faith belief that its actions comported with all applicable laws. Defendants therefore assert its qualified immunity from liability.

## FOURTH AFFIRMATIVE DEFENSE

17. Plaintiffs have suffered no actual injury due to Defendants' conduct.

## FIFTH AFFIRMATIVE DEFENSE

18. Defendants deny that they violated Plaintiffs' Fourth or Fourteenth Amendment rights, or any other state, federal, constitutional, or other rights.

## SIXTH AFFIRMATIVE DEFENSE

19. Plaintiffs' own conduct estops Plaintiffs from claiming the damages alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

20. At all relevant times, each Defendant acted independently and not in association or concert with or as agent or servant of any other Defendant, including

any sued herein under fictitious names, or of the employees or agents of other Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

21. Plaintiffs' claims are barred by all applicable statutes of limitations.

**NINTH AFFIRMATIVE DEFENSE**

22. Defendants are immune to suit for damages in their official capacities pursuant to the Eleventh Amendment of the U.S. Constitution.

**TENTH AFFIRMATIVE DEFENSE**

23. Plaintiffs are not entitled to punitive damages because Defendants did not act with malicious intent to deprive Plaintiffs of any constitutional right or to cause any injury. Punitive damages are not recoverable for the claims set forth.

**ELEVENTH AFFIRMATIVE DEFENSE**

24. The individual Defendants are entitled to qualified immunity.

**TWELFTH AFFIRMATIVE DEFENSE**

25. Any injuries or damages suffered by Plaintiffs was caused solely by reason of Plaintiffs' wrongful acts and conduct, and not by reason of any unlawful acts or omissions of Defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE**

26. Plaintiffs' claims are barred by the doctrine of unclean hands.

**FOURTEENTH AFFIRMATIVE DEFENSE**

27. Plaintiffs' claims are barred by the doctrine of laches.

**FIFTEENTH AFFIRMATIVE DEFENSE**

28. Plaintiffs have failed to join necessary and/or indispensable parties.

**SIXTEENTH AFFIRMATIVE DEFENSE**

29. Any recovery on the Plaintiffs' Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by the Plaintiffs' failure to mitigate their damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

30. Plaintiffs lack standing to pursue their causes of action because they are not the proper heirs of the decedent.

### EIGHTEENTH AFFIRMATIVE DEFENSE

31. That the damages, if any, should be in direct proportion to the fault of Defendants, if any, as provided by Civil Code sections 1431 to 1431.5.

### NINETEENTH AFFIRMATIVE DEFENSE

32. Defendants are immune from liability for its actions by the application of one or more of the immunities set forth in the California Government Code, including the immunities set forth in §§ 815.2, 818.2, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821.6, 821.8, 822.2, 844, 845.6, and 845.8.

### TWENTIETH AFFIRMATIVE DEFENSE

33. Defendants are immune from Plaintiffs' claims under California law, pursuant to California Government Code § 844.6(a)(1-2) and § 830.9.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

34. To the extent the Complaint seeks compensation for any state tort claims, those claims are barred in that the Plaintiffs have failed to properly comply with the provisions of the California Tort Claims Act in the filing of an appropriate claim with a public entity prior to the initiation of the lawsuit, pursuant to the provisions of Government Code sections 900, 901, 910 and 911.2; furthermore, the tort claim submitted does not authorize the various state torts set forth in the Plaintiffs' Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

35. Because the Complaint is couched in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

| | | |
|---|---|---|
| 1 | DATED: September 9, 2024 | BURKE, WILLIAMS & SORENSEN, LLP |

By: /s/ Caylin W. Jones
    Nathan A. Oyster
    Caylin W. Jones

Attorneys for Defendants
COUNTY OF RIVERSIDE, SHERIFF CHAD BIANCO, EDWARD DELGADO, JAMES KRACHMER, and VICTORIA VARISCO FLORES

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

7

**DEMAND FOR JURY TRIAL**

WHEREFORE, Defendants COUNTY OF RIVERSIDE (also erroneously sued as Riverside County Sheriff's Department), SHERIFF CHAD BIANCO, EDWARD DELGALDO, JAMES KRACHMER, and VICTORIA VARISCO-FLORES pray that:

1. Judgment be rendered in favor of Defendants COUNTY OF RIVERSIDE (also erroneously sued as Riverside County Sheriff's Department), SHERIFF CHAD BIANCO, EDWARD DELGALDO, JAMES KRACHMER, and VICTORIA VARISCO-FLORES against Plaintiffs;

2. Plaintiffs take nothing by this action;

3. Defendants COUNTY OF RIVERSIDE (also erroneously sued as Riverside County Sheriff's Department), SHERIFF CHAD BIANCO, EDWARD DELGALDO, JAMES KRACHMER, and VICTORIA VARISCO-FLORES be awarded costs of suit incurred herein; and

4. Defendants COUNTY OF RIVERSIDE (also erroneously sued as Riverside County Sheriff's Department), SHERIFF CHAD BIANCO, EDWARD DELGALDO, JAMES KRACHMER, and VICTORIA VARISCO-FLORES be awarded such other and further relief as the Court may deem necessary and proper.

DATED: September 9, 2024      BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Caylin W. Jones
    Nathan A. Oyster
    Caylin W. Jones

Attorneys for Defendants
COUNTY OF RIVERSIDE, SHERIFF CHAD BIANCO, EDWARD DELGADO, JAMES KRACHMER, and VICTORIA VARISCO FLORES